[No. 1627.]

## H. C. HAILES v. THE STATE.

1. KEEPING OPEN A SALOON ON AN ELECTION DAY—CHARGE OF THE COURT.—In a prosecution for the violation of Article 178 of the Penal Code, relating to the election laws, it was shown that on the morning of the day a special election was to be held, the appellant, who was a saloon keeper at a voting precinct, opened his saloon, and kept it open for a short time, but, being informed that it was an election day, immediately closed his his saloon, declaring that he was not aware that an election was to be held on that day, and that he had sold no liquor.  Under this state of facts, the court charged the jury that "ignorance of the law, or

of the time of holding such election, is no excuse for the violation of the law." *Held,* error, inasmuch as while "no mistake of law excuses one committing an offense, yet, if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offense." (Penal Code, Art. 45.)

2. SAME.—MISTAKE OF FACT, such as, under the statute quoted, will excuse one in the commission of an offense, must be such as did not arise from a want of proper care on the part of the person committing the offense. The guilt of the defendant, in this instance, should have been made to turn upon his mistake of fact as to whether or not an election was to be held on the day in question; and whether he exercised proper care in ascertaining that fact was a matter for the jury, and not for the court, to determine.

APPEAL from the County Court of Smith. Tried below before the Hon. C. G. White, County Judge.

The opinion discloses the entire case. A fine of one hundred dollars was the penalty imposed by the verdict of conviction.

*Chilton, Robertson & Finlay,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This appeal is from a conviction for a violation of Article 178 of the Penal Code. It was proved that on the third day of July, 1883, an election was held in Smith county, to decide whether the citizens of said county should fence against hogs. Defendant, who was a saloon keeper, on the morning of that day opened his saloon, which was located at Winona, a voting precinct in said county. He was soon informed that it was an election day, and that he was violating the law in keeping open his saloon. He at once closed his saloon, saying that he was not aware that an election was to be held on that day, and that he had not sold anything. It was also proved that the election attracted but little interest or attention in that precinct.

Upon this state of facts the defendant requested the court to charge as follows: "If you believe from the evidence that the defendant opened his saloon inadvertently, or in ignorance of the fact that an election was to be held on that day, sold no liquors, and that, as soon as he was notified that an election was being held, he closed his house, then you will acquit him." This charge the court refused, and the defendant excepted. In the

charge given by the court the jury was instructed "that ignorance of the law, or of the time of holding the election, is no excuse for the violation of the law." This portion of the charge was excepted to by the defendant.

We are of the opinion that neither the special charge requested by the defendant nor the charge as given by the court present the law of the case correctly. "No mistake of law excuses one committing an offense; but, if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offense." (Penal Code, Art. 45.) But the mistake as to fact which will excuse must be such as did not arise from a want of proper care on the part of the person committing the offense. (Penal Code, Art. 46.) If the defendant knew, or might have known by the exercise of proper care, that an election was to be held in Winona on that day, he was guilty of violating the law by opening his saloon for business on that day; and the fact that he kept it open for a short time only, and during that time sold no liquors, would not excuse him. But, if he did not know, or would not have known by the exercise of reasonable care, that an election was to be held, this would be such ignorance or mistake of fact as would excuse him.

We think the court erred in instructing the jury that "ignorance of the time of holding the election" would be no excuse for a violation of the law. Such ignorance would be a mistake of *fact*, and not one of *law*, and if it did not arise from a want of proper care on the part of the defendant, it would have the effect to excuse his act of opening the saloon. Whether or not the defendant used proper care to ascertain the fact about which he claims to have been ignorant, that is, the fact of that being an election day, was a question for the jury, and not for the court to determine. (*Watson* v. *The State*, 13 Texas Ct. App., 76.)

Because the court erred in its charge to the jury, in the particular mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*